The judgment of the court was pronounced by
Preston, J.
The plaintiff engaged and paid his passage on the brig Lowndes, from New Orleans to Cbagres, in the month of December, 1848,and alleges that he shipped on board the vessel a quantity of goods, to be delivered to his order at Chagres, of which he annexes bills to a supplemental petition. He alleged that the vesssei failed to sail at the time agreed upon, in consequence of which he was exposed to the cholera then prevailing as an epidemic in New Orleans; that he took the disease; was unable to go when the vessel actually sailed ; lost his passage and his goods; incurred expense and suffered damage : the-whole amounting to the sum of $544, for which he' brings suit.
The defendants'filed a general denial. The case was tried by a jury; a verdict and judgment were rendered for $218, and the defendants have appealed.
It appears by the testimony, that the vessel was prevented from commencing her voyage at the time advertised, and, perhaps, agreed upon, by a dense fog *427 and the inability to procure a steamboat; and that the plaintiff was prevented by sickness from going as a passenger when she actually sailed. Each party was prevented by circumstances from carrying into effect his intentions.
The jury probably considered that the passage money, .or at least a portion of it, should be restored, and the defendants held accountable for the value of the goods shipped by the plaintiff and not restored to him. And we should think the verdict equitable under the circumstances, on the testimony before the jury. But the court excluded legal testimony which might have entirely changed the verdict as to the goods. The defendants offered to prove by Dunning and by the bill of lading, first proving it genuine, that the very goods, the value of which is claimed by the plaintiff, were shipped, not by the plaintiff, but by one Marsh. The testimony was rejected, on the ground that it was irrelevant to the issue made by a general denial. It was not irrelevant to the issue. The plaintiff alleged that he shipped the goods; the defendants denied it. Surely, it was relevant to this issue thus made, to show that the goods were not shipped by the plaintiff, but by Marsh. The plaintiff might show in opposition, by the shipping receipt, or otherwise, that he alone placed the goods on board the vessel for shipment, and insist before the jury that the master had no authority to give bills of lading to Marsh, or deliver the goods at Chagres, except to his own order.
The judgment of the district court is therefore reversed, and the case remanded for further proceedings according to law, with instructions to the court below to admit testimony to identify the goods purchased, and the value of which is claimed by the plaintiff, with those shipped by Marsh. And proof that they were actually shipped by Marsh, and not by the plaintiff. 'Jh.e A°.sts of this appeal to be paid by the appellee.